HON. DIANA W. RIVET County Attorney, Rockland County
We acknowledge receipt of your letter requesting our opinion as to whether the Rockland County Legislature may make an appointment now to be effective January 1, 1978, to fill an appointive office for a term commencing on that date, if the terms of office of the present members of the County Legislature expire on December 31, 1977. You also inquire whether, if there should be a vacancy in the office due to a resignation prior to December 31, 1977, the present County Legislature may appoint to fill that office for a full term or only for the unexpired portion of the term of the present incumbent.
There is a general proposition of law, as stated in the enclosed copy of an informal opinion of this office dated January 27, 1977, that except where otherwise provided by statute the power to appoint to an office includes the power to appoint to fill a vacancy therein.
In our opinion, the County Legislature has the power to fill a vacancy in an appointive county office.
However, as to the question of whether a municipal appointing officer or body has authority to make an appointment to fill a prospective, rather than an existing, vacancy in office, or appoint to fill an appointive office for a term which will not commence until after the expiration of the term or terms of the appointing authority, see an informal opinion of this office reported in 1975 Op. Atty. Gen. 339 (copy enclosed), Matterof Fauci v. Lee, 38 Misc.2d 564 (1963) and text and cited New York cases in 75 ALR 2d 1290, 1291 and 1292.
Therefore, in our opinion, a municipal appointing officer or body has no authority to appoint to fill a prospective, as distinguished from an existing, vacancy in office for a term which will not commence until after the expiration of the term or terms of office of the appointing authority.
The remaining question is whether an existing vacancy would be filled for the unexpired portion of the term or for a full term.
Not being aware of any appointive county office carrying a six-year term, we telephoned your office and were advised that the office of public defender was established by Rockland County Local Law No. 1 for the year 1966. We examined the local law and found that it specifies that the term of office shall be "not less than two years nor more than six years, except that the first appointment shall expire on December thirty-first of the last year of his appointment as designated by the board of supervisors." At the time of passage of the local law the governing body of Rockland County was a Board of Supervisors, which has since been replaced by a County Legislature.
Authorization for a county to create the office of public defender is contained in County Law § 716, which also authorizes the board of supervisors to the county to "fix" the term of office.
In our opinion, the authority contained in County Law § 716 for a county to "fix" the term of office of a public defender is authority to determine by local law a specified period of time; however, that specified period of time may not extend beyond the terms of office of the members of the appointing body, as explained in an informal opinion of this office reported in 1965 Op. Atty. Gen. 164 (copy enclosed). At the time the local law was adoped, your county was operating with the traditional county board of supervisors whose terms were limited to two years and hence the maximum term of the public defender could be no longer than two years.
In our opinion, except for the first term of office of that officer, the term is two years as it can not be less than the expressed minimum of two years, and can not extend beyond the life of the appointing body, which at that time was fixed by law at two years. As to the first term of office, it properly was fixed shorter than two years so as to expire on December thirty-first of the last year of the life of the appointing body.
In our opinion, if a vacancy is created in the office of public defender in Rockland County prior to December 31, 1977, beyond which date the present term of office may not extend, the Rockland County Legislature may appoint to fill that vacancy. The appointee will hold office only for the unexpired portion of the present term, the office will be vacant on January 1, 1978, and the new County Legislature then in office will have the duty to appoint to fill that office.